**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


**JOSHUA DUNHAM**,

      **Plaintiff,**

**v.**                                              **Civil Action No. 3:10-CV-52
(BAILEY)**


**A&S COLLECTION ASSOCIATES, INC.**, **and
WAVE2NET, LLC,**

      **Defendants.**


## ORDER

The above-styled matter is presently before the Court on plaintiff's Motion for Default

Judgment [Doc. 11].

In order to commence an action in federal court, plaintiffs must file a complaint with

the court, and serve a summons and a copy of the complaint on all defendants in the

action. There is, however, a specified way in which the summons and complaint must be

served in order to be legally sufficient. Federal Rule of Civil Procedure 4 sets out the

requirements for service. The rule states in pertinent part:

> **(e) Serving an Individual Within a Judicial District of the
> United States.**
>
> Unless federal law provides otherwise, an individual — other
> than a minor, an incompetent person, or a person whose
> waiver has been filed — may be served in a judicial district of
> the United States by:
>
> (1) *following state law for serving a summons in an action
> brought in courts of general jurisdiction in the state where the
> district court is located or where service is made*; or
>
> (2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

....

**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) *in the manner prescribed by Rule 4(e)(1) for serving an individual*; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)

Fed.R.Civ.P. 4.

Here, plaintiff filed with the Court an executed Summons in a Civil Action [Doc. 6] as proof of service of process. Plaintiff declared in the document that service was effected "by certified mail directed to Wave2net c/o Rudolph Worrell which was delivered on or about July 12, 2010 and to A & S Collection Associates c/o Michael Bernstein which was delivered on May 24, 2010. Please see attached proof of delivery." ([Doc. 6] at 4). Accordingly, plaintiff failed to perfect service under the Federal Rules of Civil Procedure, unless plaintiff served process in accordance with either the West Virginia Rules of Civil

Procedure (in the state where the district court is located) or in Arizona or Virginia (where service is made).  *See* Fed.R.Civ.P. 4.

I.    Service Pursuant to West Virginia Rules of Civil Procedure

Here, plaintiff filed with the Court an executed Summons in a Civil Action [Doc. 6] as proof of service of process.  Plaintiff declared in the document that service was effected "by certified mail directed to Wave2net c/o Rudolph Worrell which was delivered on or about July 12, 2010 and to A & S Collection Associates c/o Michael Bernstein which was delivered on May 24, 2010.  Please see attached proof of delivery." ([Doc. 6] at 4).  The attached certified mail receipts list the sender's address as "Luxenburg & Levin, 23240 Chagrin #601, Beachwood, OH 44122." ([Doc. 6] at 6) and "Luxenburg & Levin, LLC, Attorneys At Law, 23240 Chagrin Blvd., Suite 601, Beachwood, OH 44122." ([Doc. 6] at 8).

Rule 4 of the West Virginia Rules of Civil Procedure states in pertinent part:

> Rule 4. Summons.
> ....
> (d) Manner of service.—Personal or substituted service shall be made in the following manner:
>
> (1) Individuals. — Service upon an individual other than an infant, incompetent person, or convict may be made by:
>
> (A) Delivering a copy of the summons and complaint to the individual personally; or
>
> (B) Delivering a copy of the summons and complaint at the individual's dwelling place or usual place of abode to a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purport of the summons and complaint; or
>
> (C) Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by

appointment or statute to receive or accept service of the summons and complaint in the individual's behalf; or

(D) *The clerk* sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee; or

(E) ...

...

(5) Domestic private corporations. — Upon a domestic private corporation,

(A) by delivering or mailing *in accordance with paragraph (1) above* a copy of the summons and complaint to an officer, director, or trustee thereof; or, if no such officer, director, or trustee be found, by delivering a copy thereof to any agent of the corporation including, in the case of a railroad company, a depot or station agent in the actual employment of the company; but excluding, in the case of an insurance company, a local or soliciting agent; or

(B) by delivering or mailing in accordance with paragraph (1) above a copy thereof to any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf.

(6) Domestic public corporations. —

...(D) Upon any other domestic public corporation, (i) by delivering or mailing *in accordance with paragraph (1) above* a copy of the summons and complaint to any officer, director, or governor thereof, or (ii) by delivering or mailing in accordance with paragraph (1) above a copy thereof to an agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf.

(7) Foreign corporations and business trusts qualified to do business. — Upon a foreign corporation, including a business trust, which has qualified to do business in the State, by delivering or mailing *in accordance with paragraph (1) above* a copy of the summons and complaint as provided in Rule 4(d)(5).

(8) Foreign corporations and business trusts not qualified to do business. — Upon a foreign corporation, including a business trust, which has not qualified to do business in the State,

(A) by delivering or mailing *in accordance with*

> *paragraph (1) above* a copy of the summons and complaint to any officer, director, trustee, or agent of such corporation; or
>
> (B) by delivering or mailing in accordance with paragraph (1) above copies thereof to any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf.
>
> ....

W.Va.Civ.P. 4

Accordingly, as the summons was sent certified mail from *plaintiff's counsel*, as opposed to from the clerk of court, service was improper under the West Virginia Rules of Civil Procedure. Thus, plaintiff failed to effectuate service by "following state law for serving a summons...in the state where the district court is located." Fed.R.Civ.P. 4

## II. Service Pursuant to Arizona Rules of Civil Procedure

Next, the Court will consider whether defendant properly served defendant A & S Collection Associates, INC. ("A&S Associates"). The address of defendant A&S Associates is listed on the summons issued, as well as the certified mail receipt, as "2929 N. 44th Street, Suite 120, Phoenix, AZ 85018." Thus, as defendant was allegedly served in Arizona, service was proper pursuant to Rule 4 of the Federal Rules of Civil Procedure if plaintiff's service complied with Arizona "state law for serving a summons." Fed.R.Civ.P. 4.

Rule 4(2)(c) of the Arizona Rules of Civil Procedure provides for service by mail. The rule states:

> When the whereabouts of a party outside the state is known, service may be made by depositing the summons and a copy of the pleading being served in the post office, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt. Service by mail

pursuant to this subpart and the return thereof may be made by the party procuring service or by that party's attorney. Upon return through the post office of the signed receipt, the serving party *shall file an affidavit with the court* stating (1) that the party being served is known to be located outside the state, (2) that the summons and a copy of the pleading were dispatched to the party being served; (3) that such papers were in fact received by the party as evidence by the receipt, a copy of which shall be attached to the affidavit; and (4) the date of receipt by the party being served and the date of the return of the receipt to the sender. This affidavit shall be prima facie evidence of personal service of the summons and the pleading and service shall be deemed complete and time shall begin to run for the purposes of Rule 4.2(m) of these Rules from the date of receipt by the party being served, *provided that no default may be had on such service until such an affidavit has been filed*.

Az.R.Civ.P. 4.2(c)

Accordingly, as no affidavit has been filed with the Court meeting the above-listed requirements, service was improper under the Arizona Rules of Civil Procedure. Thus, plaintiff failed to effectuate service on defendant A&S Associates by "following state law for serving a summons...where service is made." Fed.R.Civ.P. 4.

III. <u>Service Pursuant to Code of Virginia</u>

Next, the Court will consider whether defendant properly served defendant Wave2Net, LLC ("Wave2Net"). The address of defendant Wave2Net is listed on the summons issued, as well as the certified mail receipt, as "174 Garber Lane, Suite 1, Winchester, VA 22602." Thus, as defendant was allegedly served in Virginia, service was proper pursuant to Rule 4 of the Federal Rules of Civil Procedure if plaintiff's service complied with Virginia "state law for serving a summons." Fed.R.Civ.P. 4.

Title 8.01 of the Virginia Code sets out the Civil Remedies and Procedure for the

state of Virginia.  Chapter 8 sets out the requirements for service of process.  VA ST § 8.01

provides in pertinent part:

### § 8.01-299 How process served on domestic corporations generally.

Except as prescribed in § 8.01-300 as to municipal and quasi-governmental corporations, and subject to § 8.01-286.1, process may be served on a corporation created by the laws of the Commonwealth as follows:

1. By personal service on any officer, director, or registered agent of such corporation; or

2. By substituted service on stock corporations in accordance with § 13.1-637[1] and on nonstock corporations in accordance with § 13.1-836[2].

---

[1]§ 13.1-637 Service on corporation.
A. A corporation's registered agent is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation. The registered agent may by instrument in writing, acknowledged before a notary public, designate a natural person or persons in the office of the registered agent upon whom any such process, notice or demand may be served and may, by instrument in writing, authorize service of process by facsimile by the sheriff, provided acknowledgment of receipt of service is returned by facsimile to the sheriff....
B. Whenever a corporation fails to appoint or maintain a registered agent in this Commonwealth, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the clerk of the Commission shall be an agent of the corporation upon whom service may be made in accordance with § 12.1-19.1.
C. This section does not prescribe the only means, or necessarily the required means, of serving a corporation.

[2]§ 13.1-836 Service on corporation.
A. A corporation's registered agent is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation. The registered agent may by instrument in writing, acknowledged before a notary public, designate a natural person or persons in the office of the registered agent upon whom any such process, notice or demand may be served and may, by instrument in writing, authorize service of process by facsimile by the sheriff...
B. Whenever a corporation fails to appoint or maintain a registered agent in the Commonwealth, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the clerk of the Commission shall be an agent of the

**§ 8.01-301 How process served on foreign corporations generally.**

Subject to § 8.01-286.1, service of process on a foreign corporation may be effected in the following manner:

1. By personal service on any officer, director or on the registered agent of a foreign corporation which is authorized to do business in the Commonwealth, and by personal service on any agent of a foreign corporation transacting business in the Commonwealth without such authorization, wherever any such officer, director, or agents be found within the Commonwealth;

2. By substituted service on a foreign corporation in accordance with §§ 13.1- 766[3] and 13.1-928[4], if such

corporation upon whom service may be made in accordance with § 12.1-19.1.
C. This section does not prescribe the only means, or necessarily the required means, of serving a corporation.

[3]§ 13.1-766 Service of process on foreign corporation.
A. The registered agent of a foreign corporation authorized to transact business in this Commonwealth shall be an agent of such corporation upon whom any process, notice, order or demand required or permitted by law to be served upon the corporation may be served. The registered agent may by instrument in writing, acknowledged before a notary public, designate a natural person or persons in the office of the registered agent upon whom any such process, notice, order or demand may be served. Whenever any such person accepts service of process, a photographic copy of such instrument shall be attached to the return.
B. Whenever a foreign corporation authorized to transact business in this Commonwealth fails to appoint or maintain a registered agent in this Commonwealth, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the clerk of the Commission shall be an agent of the corporation upon whom service may be made in accordance with § 12.1-19.1.
C. Nothing in this section shall limit or affect the right to serve any process, notice, order or demand, required or permitted by law to be served upon a corporation in any other manner now or hereafter permitted by law.

[4]§13.1-928 Service of process on foreign corporation.

A. The registered agent of a foreign corporation authorized to transact business in the Commonwealth shall be an agent of such corporation upon whom any process, notice, order or demand required or permitted by law to be served upon the corporation may be served. The registered agent may by instrument in writing, acknowledged before a notary

corporation is authorized to transact business or affairs within the Commonwealth;

3. By substituted service on a foreign corporation in accordance with § 8.01- 329[5] where jurisdiction is authorized under § 8.01-328.1, regardless of whether such foreign corporation is authorized to transact business within the Commonwealth; or

4. By order of publication in accordance with §§ 8.01-316 and 8.01-317 where jurisdiction in rem or quasi in rem is authorized, regardless of whether the foreign corporation so served is authorized to transact business within the Commonwealth.

Accordingly, as the Code of Virginia does not provide for service by mail (with the exception of seeking a waiver of service), service was improper under the Code of Virginia. Thus, plaintiff failed to effectuate service on defendant Wave2Net by "following state law for serving a summons...where service is made." Fed.R.Civ.P. 4

---

public, designate a natural person or persons in the office of the registered agent upon whom any such process, notice, order or demand may be served. Whenever any such person accepts service of process, a photographic copy of such instrument shall be attached to the return.

B. Whenever a foreign corporation authorized to transact business in the Commonwealth fails to appoint or maintain a registered agent in the Commonwealth, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the clerk of the Commission shall be an agent of the corporation upon whom service may be made in accordance with § 12.1-19.1.

C. Nothing in this section shall limit or affect the right to serve any process, notice, order or demand, required or permitted by law to be served upon a corporation in any other manner now or hereafter permitted by law.

[5] § 8.01-329 Service of process or notice; service on Secretary of Commonwealth. ...

## CONCLUSION

Plaintiff has failed to properly effectuate service pursuant to Rule 4 of the Federal Rules of Civil Procedure. As service is improper, plaintiff is not entitled to default judgment and the Court **ORDERS** that plaintiff's motion [Doc. 11] should be, and hereby is, **DENIED**. Further, the Court **ORDERS** that the Clerk's Entry of Default [Doc. 10] be **VACATED** as process was improper.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED:** February 24, 2011

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE